IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| NOE RAMIREZ,<br><br>  Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, *et al.*,<br><br>  Defendants. | § § § § § § § § § § § § | Civil Action No. 4:24-cv-94-SDJ-KPJ |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian") Motion for Extension of Time to Respond to Plaintiff's Original Complaint (the "Motion") (Dkt. 16), to which Plaintiff Noe Ramirez ("Plaintiff") filed a response in opposition (the "Response") (Dkt. 23). For the reasons that follow, the Motion (Dkt. 16) is **GRANTED**.

On February 1, 2024, Plaintiff filed the Complaint (Dkt. 1). On February 27, 2024, Experian filed the Motion (Dkt. 16), wherein it represents that it was served on February 7, 2024, and that its response to the Complaint (Dkt. 1) is due on February 28, 2024. Dkt. 16 at 1. "Experian requests additional time to more thoroughly investigate Plaintiff's claims and prepare a proper and meaningful response." *Id.*

On February 28, 2024, Plaintiff filed a response (Dkt. 23) to the Motion (Dkt. 16), wherein Plaintiff represents he is opposed to Experian's request. Dkt. 23 at 1. Plaintiff represents that his counsel "has litigated against Defendant and Defendant's Counsel a significant number of times" and that "Defendant has repeatedly moved to compel arbitration over the past two years, usually many months after the complaint was filed" and frequently "request[s] 14 to 30-day extensions."

1

*Id.* Plaintiff further represents that "[w]hile Plaintiff's Counsel has repeatedly granted these extensions in the past, [Experian's] conduct has often caused Plaintiff's Counsel's firm and its clients to experience long delays in the administrations of justice." *Id.* at 3. Thus, Plaintiff requests that the Court deny the Motion (Dkt. 16). *Id.*

Under Rule 12 of the Federal Rules of Civil Procedure, a defendant must serve a responsive pleading "within 21 days after being served with the summons and complaint." FED. R. CIV. P. 12(a)(1)(A)(i). However, "the court may, for good cause, extend the time." FED. R. CIV. P. 6(b)(1). Despite the "good cause" language, this standard is "lenient." *See, e.g.*, *Devillier v. Texas*, No. 20-cv-223, 2023 WL 2744398, at *1 (S.D. Tex. Mar. 31, 2023). Provided the request for an extension is made prior to the expiration of the time limit at issue, the court "may extend the period for any reason." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021) (citing FED. R. CIV. P. 6(b)(1)(A)). "An application for extension of time under Rule 6(b)(1)(A) normally will be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Reed Migraine Ctrs. of Tex., PLLC v. Chapman*, No. 14-cv-1204, 2020 WL 869888, at *1 (N.D. Tex. Feb. 21, 2020) (quoting 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1165 (4th ed. 2023)).

Here, Experian seeks an extension of the time to file his responsive pleading by twenty-one days to March 20, 2024. Dkt. 16 at 1. The Court finds that the circumstances set forth in the Motion (Dkt. 16) constitute good cause to extend Experian's deadline because "Experian requests additional time to more thoroughly investigate Plaintiff's claims and prepare a proper and meaningful response." *Id.* Experian also affirmatively states that the extension is not sought for "the purposes of delay" and that "[n] party will be prejudiced by this extension." *Id.* at 1–2. The Court further notes Experian's request of twenty-one days is less than the forty-five days allowed

by application under our Local Rules. *See* LOC. R. CV-12. While Plaintiff has expressed concerns about delay, the Court further notes that the requested extension will make Experian's responsive pleading due at or about the same time as other Defendants in this case. *See* Dkts. 14; 18; 24.

Upon consideration, the Motion (Dkt. 16) is **GRANTED**.

**IT IS ORDERED** that Experian shall have until **March 20, 2024**, to answer the Complaint (Dkt. 1).

**So ORDERED and SIGNED this 8th day of March, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE