**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **NOE RAMIREZ,** | § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § § | **Civil Action No. 4:24-cv-94-SDJ-KPJ** |
| **EQUIFAX INFORMATION SERVICES, LLC,** *et al.***,** | § § § | |
| **Defendants.** | § § § | |

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court is Defendant Experian Information Solutions, Inc.'s ("Experian")

Opposed Motion for a Stay of Discovery Pending Resolution of Motion to Compel Arbitration or,

in the Alternative, for a Protective Order (the "Motion to Stay") (Dkt. 38), to which Plaintiff Noe

Ramirez ("Plaintiff") filed a response in opposition (the "Response") (Dkt. 43) and Defendant filed

a reply in support (the "Reply") (Dkt. 49). For the reasons that follow, the Motion to Stay (Dkt. 38)

is **GRANTED**.

## I.     BACKGROUND

On February 1, 2024, Plaintiff filed the Complaint (Dkt. 1) against Defendants Experian,

Equifax Information Services, LLC ("Equifax"), Trans Union, LLC ("Trans Union"), First Premier

Bank ("First Premier"), and Comenity Capital Bank ("Comenity") (collectively, "Defendants")

alleging violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.* Dkt. 1

at 1. In the Complaint (Dkt. 1), Plaintiff alleges that he is a victim of identity theft and that his

"claims arise out of the Defendants' plainly deficient reinvestigations considering Plaintiff's

multiple disputes and repeated notice that he was a victim of identity theft." Dkt. 1 at 4.

On May 14, 2024, Experian contemporaneously filed its Opposed Motion to Compel Arbitration and Memorandum of Law (the "Motion to Compel Arbitration") (Dkt 37) and the Motion to Stay (Dkt. 38). In the Motion to Compel Arbitration (Dkt. 37), Experian seeks an order compelling all claims against Experian to arbitration pursuant to an arbitration agreement that Experian asserts Plaintiff agreed to when he enrolled in CreditWorks. *See* Dkt. 37 at 2, 4. In the Motion to Stay (Dkt. 38), Experian seeks an order staying discovery pending the Court's decision on the Motion to Compel Arbitration (Dkt. 37) because Experian asserts that "the parties will be dealing with burdensome discovery" and "[r]equiring Experian to engage in discovery in federal court would deprive it of the benefit of the bargain it struck with Plaintiff and vitiate the terms of the parties' agreement." Dkt. 38 at 1–2.

On May 28, 2024, Plaintiff filed the Response (Dkt. 43), opposing Experian's request to stay discovery because Experian has failed to meet its burden of demonstrating the necessity of the requested stay. *See* Dkt. 43 at 9. Plaintiff further argues that the Motion to Compel Arbitration (Dkt. 37) "is more a delaying tactic than a good-faith assertion of Experian's rights." Dkt. 43 at 2. On June 4, 2024, Experian filed the Reply (Dkt 49), asserting that "Plaintiff has failed to adequately rebut [its] arguments in support of a stay of discovery." Dkt. 49 at 5.

## II.    LEGAL ANALYSIS

The Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). "To determine whether a stay is

appropriate[,] a district court 'must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery.'" *Bickford v. Boerne Indep. Sch. Dist.*, No. 15-cv-1146, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016) (quoting *Feldman v. Flood*, 176 F.R.D. 651, 652 (M.D. Fla. 1997)). Furthermore, "[t]he court may, for good cause, issue an order to protect a party or person from . . . undue burden or expense," such as granting a stay of discovery. *See* FED. R. CIV. P. 26(c)(1); *see also Landry v. Air Line Pilots Ass'n Int'l AFL-CIO*, 901 F.2d 404, 435 (5th Cir. 1990), *opinion modified on denial of reh'g* (Apr. 27, 1990). "[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided." 9A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2040 (3d ed. 2024).

The Motion to Compel Arbitration (Dkt. 37) is currently pending before the Court. The Fifth Circuit has observed that "[i]t was 'Congress's clear intent, in the [Federal Arbitration Act], to move the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible.'" *Bell v. Koch Foods of Miss., LLC*, 358 F. App'x 498, 500–01 (5th Cir. 2009) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983)). Thus, when a motion to compel arbitration is pending, "[c]ourts have demonstrated a proclivity to stay proceedings." *Williams v. Bankers Life & Cas. Co.*, No. 21-293, 2022 WL 187809, at *1 (M.D. La. Jan. 20, 2022) (first citing *Patel v. Regions Bank*, No. 18-796, 2018 WL 6422110, at *2 (M.D. La. Dec. 6, 2018); then citing *Norman v. Travelers Ins. Co.*, No 19-2351, 2019 WL 6250782, at *2 (N.D. Tex. Nov. 22, 2019)).

Experian argues that if it is required to participate in discovery prior to the decision on the Motion to Compel Arbitration (Dkt. 37), it would be deprived of "the benefit of the bargain it struck with Plaintiff." Dkt. 38 at 1. Plaintiff contends that Experian "has not shown that a stay will

3

fundamentally change the burden [of discovery] on the parties." Dkt. 43 at 5. Plaintiff also asserts that he will be prejudiced by a stay because "[t]he longer that Plaintiff is forced to wait to conduct necessary discovery, the more likely it is that important memories will fade, witnesses will become difficult to locate, and essential documents will be lost" and "Experian has demonstrated that it will aggressively seek to foreclose Plaintiff's procedural and substantive rights in an arbitration forum." *Id.* at 6–8. In response to Plaintiff's argument, Experian asserts that Plaintiff will not suffer prejudice "from a short stay of discovery while the Court decides a threshold issue of whether the case should proceed in arbitration." Dkt. 49 at 4. The Court agrees with Experian.

One of the many asserted benefits of arbitration is less intrusive discovery. *See Coinbase, Inc. v. Bielski*, 599 U.S. 736, 743 (2023). Experian asserts that CreditWorks Terms incorporate the rules of the American Arbitration Association ("AAA"), which requires production of only the documents a party plans to submit as exhibits at the arbitration hearing. *See* Dkt. 49 at 2. Experian further asserts that discovery pursuant to the AAA's rules does not involve interrogatories, requests for production, requests for admission, or depositions as a matter of right; instead, the parties must request leave from the arbitrator for such discovery. *See id.* Experian proffers that "[a]t this time, Plaintiff has served upon [Experian] twenty-three Requests for Admission, forty-eight Requests for Production, and twenty-three Interrogatories." *Id.* at 4. Thus, if a stay is not entered, Experian faces the burden of discovery in federal court and loses the potential advantage of less intrusive discovery pursuant to the purported arbitration agreement. *Klepper v. SLI, Inc.*, 45 F. App'x 136, 139 (3d Cir. 2002) ("[R]equiring the parties to submit to full discovery under the Federal Rules of Civil Procedure may unnecessarily subject them 'to the very complexities, inconveniences and expenses of litigation that they determined to avoid.'" (quoting *Suarez-Valdez v. Shearson Lehman/Am. Exp., Inc.*, 858 F.2d 648, 650 (11th Cir. 1988) (Tjoflat, J., concurring))).

In contrast, the risk of loss of information raised by Plaintiff is only slight because the proposed stay will be relatively short—continuing until the Court decides the threshold issue of whether the case should be referred to arbitration. *See In re CenturyLink Sales Pracs. & Sec. Litig.*, No. 17-2795, 2018 WL 2122869, at \*2 (D. Minn. May 8, 2018) (finding a temporary stay of discovery, pending the determination of a motion to compel arbitration, would not prejudice Plaintiffs); *Mahamedi IP L., LLP v. Paradice & Li, LLP*, No. 16-cv-2805, 2017 WL 2727874, at \*1 (N.D. Cal. Feb. 14, 2017) (same). Plaintiff further argues Experian's primary objective, in seeking to enforce the purported arbitration agreement, is to "prohibit[] discovery altogether." Dkt. 43 at 7. As such, Plaintiff argues that at least limited discovery of "certain preliminary issues" should be allowed to continue. *See id.* at 8. However, the Court does not agree. As detailed above, the discovery procedures and requirements in arbitration do not prohibit discovery altogether, but rather, impose lesser requirements on the parties allowing for less intrusive discovery, the purpose of which is the more efficient and speedy resolution of the claims. Further, Plaintiff has provided no argument as to what "preliminary issues" should continue to discovery at this time. Thus, the Court finds there is good cause to stay discovery pending the resolution of the Motion to Compel Arbitration (Dkt. 37).

### III.   CONCLUSION

For the foregoing reasons, the Motion to Stay (Dkt. 38) is **GRANTED**.

**IT IS THEREFORE ORDERED** that all pretrial and discovery deadlines are **STAYED** pending a decision on the Motion to Compel Arbitration (Dkt. 37).

**So ORDERED and SIGNED this 1st day of July, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE